OWEN MULLIGAN, Jr. *et al.*

*v.*

ROBERT C. LAMBE *et al.*

*Opinion filed February 17, 1899.*

1. EXECUTORS AND ADMINISTRATORS—*when an administrator may maintain bill to sell real estate.* Where the terms of a will cannot be carried out by the executor without converting the real estate into money, an administrator *de bonis non* with the will annexed has a standing in equity to maintain a bill for a construction of the will and appointment of a trustee to sell and make distribution. (*Stoff v. McGinn, ante,* p. 46, followed.)

2. The contention that the decree sought to be set aside in the court below was void for want of jurisdiction has been decided adversely to plaintiffs in error in *Stoff* v. *McGinn, supra.*

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. S. L. DWIGHT, Judge, presiding.

A. W. HOPE, W. A. HOWETT, B. J. O'NEIL, and THOMAS E. FORD, for plaintiffs in error.

JOHN J. McGAFFIGAN, WILLIAM WINKELMANN, JOHN G. IRWIN, and J. P. STREUBER, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The plaintiffs in error are legatees under the will of Owen Mulligan, deceased, whose will was probated in the county court of Clinton county. By the will the testator gave all of his property, real and personal, to Theodore Peek, his executor, in trust, to be distributed to his "relatives," as therein stated, and while no power to sell was expressly given, the duties with which the executor was charged by the will could not be performed without a sale, and such power was therefore to be implied. (See *Stoff* v. *McGinn, ante,* p. 46, and cases therein cited.) The executor died, and defendant in error Robert C. Lambe was appointed administrator *de bonis non* with the will

annexed, and filed the bill in this case for a construction of the will and for the appointment of a trustee to sell the lands and distribute the proceeds as provided by the will. A full statement of the case is set forth in the opinion in *Stoff* v. *McGinn, supra,* and will not be repeated.

The only point made by plaintiffs in error in their brief and argument is, that the decree is void and a cloud upon their title. This contention is based upon the assumption that the administrator had no power over the real estate, and no standing in a court of equity to file the bill for the construction of the will and the appointment of a trustee to sell, and that the court had no jurisdiction. We have fully considered this question in the other case, where it was held that the court did have jurisdiction in this case, and that the decree, while in force, was a bar to the relief sought in that case. The cases cited by counsel do not seem to support their contention. Here the sale was under a decree of a court of equity and where the court had found that there was an equitable conversion of real into personal estate, and we are unable to see that cases holding that an administrator cannot sell merely under power given by the will to the executor have any application. Mere irregularity of procedure would not render the decree void, when, as here, the court had jurisdiction of the subject matter and the parties.

No question of any kind except as to the ratio of division of the proceeds was raised in the court below by any of the defendants to the bill until after the sale and conveyances had been made, and as no error is insisted on except the alleged lack of jurisdiction, and as we have found in this as well as in the other case that the court had jurisdiction, this decree must be affirmed.

*Decree affirmed.*